STATE OF CONNECTICUT *v.* RICHARD J. FANTASIA
(2937)

DUPONT, C. J., BORDEN and DALY, Js.

Argued April 8—decision released June 3, 1986

*Kenneth L. Shluger,* with whom, on the brief, was *John P. McKeon,* for the appellant (defendant).

*James G. Clark,* deputy assistant state's attorney, with whom, on the brief, was *John Bailey,* state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from a judgment of conviction, after a jury trial, of illegal possession with intent to sell more than one kilogram of marihuana in violation of General Statutes (Rev. to 1981) § 19-480a (b), now General Statutes § 21a-278 (b), of illegal possession of more than four ounces of marihuana in violation of General Statutes (Rev. to 1981) § 19-481 (b), now General Statutes § 21a-279 (b), and of illegal possession of a narcotic substance in violation of General Statutes (Rev. to 1981) § 19-481 (a), now General Statutes § 21a-279 (a). He claims that the court erred in denying his motion for a mistrial and in an evidentiary ruling. We find no error.

The defendant put his character in issue by producing his wife as a witness and asking her whether she had ever known him "to be engaged in any type of drug activity." She answered, "No." On cross-examination the state asked her, without objection, whether her opinion would change if she knew that the defendant was convicted of possession of a controlled substance on March 28, 1980. She answered, "No." The state then asked her whether her opinion would change if she knew that, on October 25, 1982, approximately one

year prior to the trial, he was charged with possession of cocaine. The court sustained the defendant's objection to the question on the basis that its prejudicial effect outweighed its probative value, but denied the defendant's motion for a mistrial and gave an immediate curative instruction to the jury.

The defendant's claim that the question involved prosecutorial misconduct, and thus required a mistrial, is utterly meritless. There is persuasive authority to permit such a question. See *Michelson* v. *United States*, 335 U.S. 469, 482, 69 S. Ct. 213, 93 L. Ed. 168 (1948); Tait & LaPlante, Handbook of Connecticut Evidence § 8.4. The assistant state's attorney specifically relied on that authority when he asked the question. The trial court's ruling was favorable to the defendant and was followed by a curative instruction. We can hardly find, therefore, that the asking of the question constituted misconduct amounting to "conduct inside . . . the courtroom which results in substantial and irreparable prejudice to the defendant's case." Practice Book § 887.

We have reviewed the defendant's claim of evidentiary error and find it equally without merit. The defendant claims that the state could not impeach its own witness. The defendant has confused impeachment of one's own witness, which the court has the discretion to permit under some circumstances; see *Plawecki* v. *Angelo Tomasso, Inc.*, 1 Conn. App. 48, 51–52, 467 A.2d 944 (1983), cert. denied, 192 Conn. 801, 470 A.2d 1218 (1984); with contradiction of the testimony of one party's witness by testimony of another witness produced by the same party, which the court also has the discretion to permit. *Delfino* v. *Warners Motor Express*, 142 Conn. 301, 307, 114 A.2d 205 (1955). The ruling of the trial court was correct.

There is no error.